**ORIGINAL**

UNITES STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
HUI HUI YU,
CHENG KAI YU, and
CHENG KAI YU REVOCABLE TRUST,

                     Plaintiffs,    **COMPLAINT**

     v.                                       Jury Trial Demanded

TOWN OF SOUTHOLD IN SUFFOLK COUJTY OF NEW YORK,
JUSTICE COURT, WILLIAM H PRICE, Jr. and RUDOLPH H BRUER (Justices),
TOWN ATTORNEY, MARTIN FINNEGAN, Esq. and LORI HULSE, Esq.,
BOARD OF TRUSTEES, JILL M DOHERTY and JAMES KING (Trustees),
POLICE DEPARTMENT, CARLISLE COCHRAN (Chief), FRANK KRUSZESKI
(Lieutenant), DONALD DZENKOWSKI and ANDREW C EPPLE, Jr. (Bay
Constables), TAX RECEIVER and ASSESSORS, ZONING BOARD and
other TOWN PERSONNELS, JOHN DOEs and JANE DOEs,
Individually and in their Official Capacity,

                                          Defendants.
-----------------------------------------------------------------x

*(Stamps: RECEIVED JUN 25 2010 PRO SE OFFICE; DEARIE, CH. J.; POLLAK M.J.; 10 cv 2943)*

1. All Plaintiffs have their principal business offices at 903 Ocean Avenue, Brooklyn, New York 11226 while reside at same and/or 3300 Dignans Road, PO Box 1165, Cutchogue, New York 11935.

2. CHENG KAI YU REVOCABLE TRUST is the property owner of 3300 Dignans Roiad, Cutchogue, NY 11935, the single family real property at issue herein. CHENG KAI YU is the trustee and HUI HUI YU is the co-trustee.

3. All Defendants have their principal business office at c/o Town Clerk, Elizabeth A Neville, Town Hall of Southold, 53095 Route 25, PO Box 1179, Southold, NY 11971 (including Town Hall Annex Building at 54375 Route 25, Southold 11971 and Police Department at 41405 Route 25, Peconic 11958).

4. All Defendants' attorney is Thomas C Sledjeski $ Associates, PLLC at 18 First Street, Box 479, Riverhead, New York 11901-0410. Tel# 631-727-1515.

5. The jurisdiction of the Court is invoked pursuant to federal questions. This action is brought for discrimination, tort, fraud, libel, slander, endangering peaceful enjoyment of liberty, safety and security of persons, real property and public facility, criminal acts, violation of environmental law, violation of Freedom of Information Act, violation of the Civil Rights Act of 1964, 14th Amendment and U. S. Constitution... by government and/or its agencies and employees among other related claims under New York Law.

6. The Southold Town Codes 275 and 111 are unconstitutional in which an application of permit in executive branch is rejected solely for the reason of an action pending in the judicial branch, in violation of the principle of governmental separation of powers.

7. The questionable constitutionality of Town Codes intensifies Defendants' abuse, intimidation, discrimination, ... against Plaintiffs based on their race, color, national origin among others. CHENG and HUI are both Asian descendants, non-white and immigrants from Taiwan while all Defendants are European descendants, white and non-immigrants.

8. The property tax law and its assessment policy of Southold Town is unconstitutional. The property tax of 2007 and each year is half due on January 10 of 2007 and each year, and half due on May 31 of 2007 and each year. The second half property tax covering July 1 to December 31 is due on May 31, far in advance of property being enjoyed or liability being encountered. There is no invoice to remind property owner right before May 31, no grace period as well. CHENG paid his second half property tax on or about 7/2/07 (liability began on 7/1/070) and was punished with 5% of penalty plus 5% interest of (half annual property tax + its 5% penalty) even the lapse was for reasonable

medical sickness plus no notice. Town would further coerce mortgagee to pay penalty for the property owner. The extra fee was 10.25% of tax owed.

9. While the property value has decreased 20% to 40% since 2005, the property's assessed value by Southold Assessors remains the same from 2005 to 2010.

10. Since 1986, days and nights, hunters armed with firearms shooting around our residential neighborhood periodically and damaged to our property. Southold police fail to pursue the crimes. In late 1980' under broad daylight, our 200' wooden fences were completely destroyed by nearby resident and Southold police fail to pursue the crime.

11. In late 1980', doing absolutely nothing, CHENG was falsely arrested from his own property, falsely jailed and falsely charged for tempering public utility pole. There was/is no public utility pole but private utility pole on our property and absolutely no evidence that a pole was tempered on the arresting day. Seeking immediate dismissal of the criminal action, CHENG was offered instead an adjournment in contemplation of dismissal. Upon rejecting unjustified offer, CHENG was falsely and maliciously prosecuted with false evidences and false facts coordinated by Town police with others. CHENG was found guilty and fined $50. Thereafter the Town concealed the complete trial record from us by claiming it had no record and no one knew its whereabouts. The Town sealed the record somewhere because it knew CHENG was innocent, should not be prosecuted by trial, and was not guilty.

12. Two attorneys familiar with 1980's case assisted HUI into law school, who was admitted to the Bar in 1992.

13. From 3/2007 to 4/2010, Defendants police except its Chief trespassed 3000+' private road onto our property repeatedly, had no interest of truth or fact, issued 3 illegitimate tickets to CHENG, knowingly falsely accused CHENG of fictional crime with an intent to harm and victimize CHENG. Defendant LORI encouraged and supported Defendants police by falsely and maliciously prosecuting CHENG of 2 illegitimate tickets for more than 3 years. Disregard the law and fact, Defendant PRICE biased against CHENG, entertained 3 illegitimate tickets in his court as long as police, LORI and the TOWN pleased, and issued an arrest warrant against CHENG on 11/19/08. CHENG was arrested inside his house on 6/28/09 and jailed on a Sunday. Defendant BRUER purposely issued an invalid $500 bail and securing order against CHENG and took $500 from us since 6/28/09.

14. On 7/13/07, in open court, Defendant Price misled HUI that LORI was an assistant or counselor of district attorney. In fact LORI had/has no relation with district attorney office.

15. Said 3 tickets against CHENG were issued by Defendant EPPLE under instruction of his boss Defendant DZENKOWSKI on 3/24/07 (Saturday) (which wrongfully served on HUI) or on 4/2/10 (Friday) (which personally served on CHENG). Both Defendants DZENKOWSKI and LORI had full knowledge that Plaintiffs would submit application for permit to BOARD of TRUSTEES on 3/26/07, the following Monday. Both also were fully aware that Town would reject application while there was action pending in court. The 3 tickets charged CHENG doing work on his private property without a town permit, 3 civil violations of Town Codes of 275.5 and 111.8 at most, if any.

16. Defendant Trustee KING immediately referred HUI to LORI after only one sentence conversation on or about 3/22/07. KING initiated implication that Plaintiffs were criminals and should be penalized by TOWN ATTORNEY. As a trustee, KING knew the work HUI honestly admitted doing requiring no permit and carrying neither civil nor criminal violation. Despite our effort to please the TOWN, our application for permit to TRUSTEES was rejected on 3/26/07 for wanting a professional survey, rejected on 7/12/07 and on 7/13/07 again for no legitimate reason after we spent $2000 for a professional survey. BOARD of TRUSTEES finally took our application by charging double application fee and refusing providing us a receipt. Triple application fee was charged in total illegally after ZONING BOARD. Our application was denied flatly for an action pending in Court in 2007.

17. The 2 alleged work done on my property, one already had 2 permits from NYS and the Town in 1987 and the other work no permit was required in NYS, were all for conservation of soil. By denying our application, BOARD of TRUSTEES and Defendants Trustees were denying the very purpose of NYS Environmental Law, illegally and destructively. As a result, our property sustained substantial damages by the spring storm of 2010. Defendant DZENKOWSKI trespassed the 3000+'private road and stopped and frightened my workers Hank from working for us on 3/20/07.

18. The 2 alleged work done on my property, a 40' stone retaining wall and a stone step-case on bluff, were inspected by inspector from NYS Department of Conservation on 3/24/07 who found no need for a simple administrative hearing. Contrarily, Defendants

herein coordinated together, prosecuted and arrested CHENG as a serious criminal for more than 3 years.

19. The 3rd alleged work done on 4/2/10 was false. There was no construction performed on 4/2/10. There was no permit required for simply placing wooden skids on ground without foundation. On 4/2/10, Defendant KRUSZESKI trespassed onto our private property without ringing door bell, freely searched every corner, took our picture without permission, ordered us where we could sit, stand, stay or work otherwise he would arrest us into jail, proudly stated that the 3rd ticket was issued for sole purpose of forcing CHENG to appear in court disregard whether there was basis. KRUSZESKI further intimidated us that if CHENG failed to appear in court on 4/19/10, he would come back to arrest CHENG to jail and issued more tickets to CHENG.

20. On 6/28/09, DZENKOWSKI and KRUSZESKI came to arrest CHENG, DZENKOWSKI lied to HUI that he showed and served CHENG a copy of arrest warrant. DZENKOWSKI further yelled out to a group of police not letting HUI to have any contact with CHENG on our property or anywhere else. Both courtroom police and Defendant BRUER refused HUI's plea to give urgently needed medication to CHENG to prevent recurrence of his illness. Courtroom police told HUI that CHENG said he didn't need medication but later CHENG told HUI police threatened if CHENG took medication from HUI, he would arrest HUI. CHENG was very weak, had no food for hours, handcuffed and was much frightened.

21. Defendant DZENKOWSKI trespassed, ringed no door bell, took pictures of our property without permission n 3/15/07, copied and distributed them all over the TOWN, and concealed them along with LORI, BOARD OF TRUSTEES and POLICE DEPARTMENT from

Plaintiffs upon request, making HUI running around the town for them. Same as arrest warrant of 2008, POLICE DEPARTMENT, LORI and JUSTICE COURT all concealed it from Plaintiffs upon request, making HUI running around the town for it.

22. HUI made numerous calls and visits to LORI in vain. LORI refuses to return HUI a medical note from CHENG's doctor, which LORI accepted under a condition of not serving as a record but for information only. On 8/3/09, HUI was sitting quietly on sofa in public waiting room of TOWN ATTORNEY's office, waiting for LORI who had an appointment with HUI in advance. Defendant FINNEGAN called police, KRUSZESKI appeared and forced HUI out of the entire Town Hall Annex building by grasping and lifting HUI's left arm from the chair in the public waiting room of the Building Department and threatened HUI not re-entering the building otherwise HUI would be arrested to jail. KRUSZESKI claimed HUI was disturbing peace by sitting quietly on chair and/or sofa. KRUSZESKI further claimed that HUI incriminated self which false and irresponsible statement most likely was spread out by LORI to FINNEGAN to KRUSZESKI to his police partner, HUI, Town Attorney's secretary and attorney Jennifer on 8/3/09.

23. The JUSTICE COURT refused providing Plaintiffs the transcript of court proceedings upon requests. HUI was able to review the case file for the first time on her third visit. The JUSTICE COURT kept no log record of incoming legal papers filed by parties and motion proceedings. The notices from the COURT beard no signature. The Orders of the COURT had either no docket number or invalid docket number, or was full of misstated fact and law. The COURT does not accept bail money by credit card.

24. On or about 4/25/10, Plaintiffs filed via mail a complaint to New York State Commission on Judicial Conduct at 61 Broadway, Suite 1200, New York, NY 10006.

25. On or about 5/17/10, Plaintiffs filed via mail a complaint to Grievance Committee for the Tenth Judicial District at 150 Motor Parkway, Suite 102, Hauppauge, NY 11788.

26. On or about 5/17/10, Plaintiffs filed via mail a complaint to U.S. Department of Justice, Criminal Section, PHB, Civil Rights Division at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

WHEREFORE, Plaintiffs pray that the Court grants such relief as may be appropriate, including injunctive orders, damages, pain and suffering, costs, and attorney's fee.

Dated: June, 25, 2010

_____
HUI HUI YU

_____
CHENG KAI YU

_____
CHENG KAI YU REVOCABLE TRUST

903 Ocean Avenue, Brooklyn, NY 11226
718-941-3990