UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
HUI HUI YU, ET AL.,

                Plaintiffs,

    -against-                    MEMORANDUM AND ORDER
                                      10-CV-2943(JS)(ETB)

TOWN OF SOUTHOLD, ET AL.,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiffs:    Hui Hui Yu, Pro Se
                   903 Ocean Avenue
                   Brooklyn, NY 11226

For Defendants:    Thomas Sledjeski, II, Esq.
                   Thomas C. Sledjeski & Associates, PLLC
                   18 First Street
                   PO Box 479
                   Riverhead, NY 11901

SEYBERT, District Judge:

        Pending before the Court is a motion to dismiss the original Complaint. For the reasons that follow, that motion is denied as moot. The Court also addresses the representation of Plaintiff Cheng Kai Yu Revocable Trust.

I. Defendants' Motion to Dismiss the Original Complaint

        On August 4, 2010, the Defendants moved to dismiss the Complaint. On August 11, 2010, Plaintiffs, who are litigating pro se, filed an Amended Complaint, as was their right under

Federal Rule of Civil Procedure 15.  FED. R. CIV. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within. . . 21 days after service of a motion under Rule 12(b), (e), or (f). . . .").  The Amended Complaint named additional defendants.  All Defendants answered the Amended Complaint on August 23, 2010.

Plaintiffs' Amended Complaint supersedes the original Complaint, see Harris v. City of New York, 186 F.3d 243, 249 (2d Cir. 1999), and inasmuch as the Defendants' motion to dismiss was aimed at the original Complaint, that motion (Docket Entry 9) must be DENIED AS MOOT.

II. Plaintiff Cheng Kai Yu Revocable Trust

The Court takes this occasion to address whether Plaintiff Cheng Kai Yu Revocable Trust (the "Trust") is represented by counsel.  A review of the docket sheet indicates that the Trust appears on its own behalf, but an artificial entity such as a trust may not litigate pro se.  See Bell v. South Bay European Corp., 486 F. Supp. 2d 257, 258 (S.D.N.Y. 2007).  It appears, however, that Plaintiff Hui Hui Yu is an attorney, (Docket Entry 16 at 1), but it is unclear whether Yu is admitted to practice in the Eastern District of New York or whether Yu represents the Trust.

2

Accordingly, the Court directs the following: Within fourteen (14) days from the date of this Order, the Trust shall advise the Court in writing whether Yu represents it. If so, Yu is directed to register with the Court's Electronic Case Filing system ("ECF") and file an electronic notice of appearance. If the Trust is not represented by Yu, it must secure representation, and counsel for the Trust must file a notice of appearance within sixty (60) days from the date of this Order. The Trust is warned that the failure to secure counsel may result in the dismissal of its claims for failure to prosecute.

The Clerk of the Court is directed to mail all Plaintiffs a copy of this Order.

SO ORDERED.

/s/ JOANNA SEYBERT_____<br>Joanna Seybert, U.S.D.J.

Dated: February _11_, 2011
       Central Islip, New York