UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
HUI HUI YU, CHENG KAI YU, and
CHENG KAI YU REVOCABLE TRUST,

                    Plaintiffs,

          -against-                              MEMORANDUM & ORDER
                                                 10-CV-2943(JS)(ETB)
TOWN OF SOUTHOLD IN SUFFOLK COUNTY
NEW YORK, SCOTT A. RUSSELL (Chief
Executive), SOUTHOLD TOWN JUSTICE
COURT, WILLIAM H. PRICE, Jr. (Chief
Justice), RUDOLPH H. BRUER (Justice),
the OFFICE OF THE TOWN ATTORNEY,
MARTIN FINNEGAN, Esq. (Town Attorney),
LORI HULSE [MONTEFUSCO], Esq.
(Assistant Town Attorney), the
SOUTHOLD TOWN BOARD OF TRUSTEES, JILL
M. DOHERTY (President, Trustee),
JAMES KING (President, Trustee), the
SOUTHOLD TOWN POLICE DEPARTMENT,
CARLISLE COCHRAN (Chief), FRANK
KRUSZESKI (Lieutenant), DONALD
DZENKOWSKI (Bay Constable),
ANDREW C. EPPLE, Jr. (Bay Constable),
DAVID M. OKULA (Police), SOUTHOLD TOWN
ZONING BOARD, SOUTHOLD TOWN TAX
RECEIVER and ASSESSORS, JOHN DOEs and
JANE DOEs, individually and in their
Official capacities,

                    Defendants.
---------------------------------------X
APPEARANCES
For Plaintiffs:          Hui Hui Yu, Esq.
                         903 Ocean Avenue
                         Brooklyn, NY 11226

For Defendants:          Thomas Sledjeski, II, Esq.
                         Thomas C. Sledjeski & Associates, PLLC
                         18 First Street
                         P.O. Box 479
                         Riverhead, NY 11901

SEYBERT, District Judge:

Currently pending before the Court is Magistrate Judge E. Thomas Boyle's Report and Recommendation ("R&R"), issued on December 7, 2012.[1]  For the following reasons, the R&R is ADOPTED in its entirety.

<u>BACKGROUND</u>

The Court assumes familiarity with the underlying facts and procedural background of this case, which are described in detail in this Court's Memorandum and Order dated August 10, 2012 (the "Summary Judgment Order," Docket Entry 74) as well as in Judge Boyle's R&R (Docket Entry 90).  Briefly, Plaintiffs Hui Hui Yu ("Mrs. Yu" or "Plaintiff"), Cheng Kai Yu ("Dr. Yu"), and the Cheng Kai Yu Revocable Trust (the "Trust" and, collectively, "Plaintiffs") commenced this action on June 25, 2010.  At that time, Mrs. Yu, an attorney admitted to practice in this District, filed a Notice of Appearance on behalf of all Plaintiffs.

Essentially, this case began as a civil rights case arising out of Plaintiffs' being cited for making unauthorized improvements to their wetlands property, Plaintiffs' subsequent unsuccessful attempts to obtain permits, and the legal

---

[1] Also pending before the Court is Defendant Frank Kruszeski's motion to dismiss.  (Docket Entry 88.)  Judge Boyle's R&R does not directly address the motion to dismiss, although Defendant Kruszeski also seeks dismissal for Plaintiff's failure to comply with court orders.

consequences that flowed from Plaintiffs' unauthorized improvements. Although Plaintiffs initially named nineteen separate defendants and asserted a number of claims, the Court's Summary Judgment Order drastically changed the landscape of this case. In that Order, the Court granted the various defendants summary judgment on almost all of Plaintiffs' claims. (Summary Judgment Order at 17.) In fact, the only remaining claim thereafter was Mrs. Yu's claim for excessive force against Defendant Lieutenant Frank Kruszeski ("Defendant"). (Summary Judgment Order at 16.) According to Mrs. Yu, she had been sitting in the public area of the Town Hall Annex when Defendant grabbed her arm, pulled her from the chair, and forced her outside. (Am. Compl. at 16.)

Litigation in this case thus proceeded on the single remaining claim. Following the Summary Judgment Order, Mrs. Yu has repeatedly moved to stay the proceedings and to withdraw as counsel. (See R&R at 2 (citing Docket Entries 76, 79, 82, 84).) Her requests, however, have been denied and Judge Boyle has directed Mrs. Yu to file a pretrial order on three different occasions. (R&R at 2.) In his most recent Order on this issue, Judge Boyle warned Mrs. Yu that her failure to comply with the Court's orders would expose her to sanctions, including potential dismissal of her remaining cause of action. (Nov. 9,

2012 Order, Docket Entry 86.)  To date, Mrs. Yu has yet to file a pretrial order.

Accordingly, Judge Boyle recommends that Mrs. Yu be precluded from introducing any exhibits at trial and from calling any witnesses at trial and, further, that the Court dismiss this case based upon Mrs. Yu's refusal to comply with previous orders.  (R&R at 2.)

DISCUSSION

The Court will first address the applicable standard of review before turning to Judge Boyle's recommendation of dismissal.

I.  Standard of Review

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted).  A party may serve and file specific, written objections to a magistrate's report and recommendation within fourteen days of receiving the recommended disposition.  See FED. R. CIV. P. 72(b)(2).  Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see

4

also FED. R. CIV. P. 72(b)(3).  A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object.  See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report.  See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."  Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (internal quotation marks and citation omitted).  Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance."  Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal quotation marks and citation omitted).

II.  Recommendation of Dismissal

Before turning directly to the recommendation of dismissal, the Court first notes Plaintiff's submissions regarding the R&R.  On December 24, 2012, seventeen days after

5

Judge Boyle's R&R, Plaintiff moved for an extension of time to file her objections. (Docket Entry 91.) On January 9, 2013, Plaintiff again wrote to the Court, noting that she had not yet read the R&R, but explaining that she and her husband suffered from some mental and physical ailments resulting in her inability to timely respond. (Docket Entry 92.) Despite the fact that both letters were already untimely, this Court generously granted an extension of time until January 18, 2013 for Plaintiff to file her objections to the R&R. (Docket Entry 94.)

Following the Court's extension of time, Mrs. Yu filed two documents, and although it is unclear what relief she seeks through these filings, they do not appear to object to the R&R in any way. The first such filing, dated January 18, 2013, is entitled "claim no notice of order for motion and appeal." (Docket Entry 95.) In that one page letter, Mrs. Yu asserts that the Court should grant her[2] an opportunity to "re-argue," "re-new," and appeal the Court's Summary Judgment Order. (Docket Entry 95 ¶ 3.) Nowhere in that letter does Mrs. Yu address Judge Boyle's R&R or her failure to file a pretrial order.

---

[2] The letter refers to "Plaintiffs" in the plural, despite the fact that Mrs. Yu is the only remaining plaintiff.

Thereafter, Mrs. Yu filed a second letter, entitled "motion to continue claim" on January 24, 2013. (Docket Entry 97.) Again, Mrs. Yu's letter is difficult to decipher. What is clear, however, is that Mrs. Yu addresses claims that this Court had previously dismissed and raises continued alleged grievances against the dismissed Defendants. (Docket Entry 97 at 1-2.) She further explains her inability to litigate the case and her efforts to find new counsel. (Docket Entry 97 at 2.) Mrs. Yu does not object to the R&R or explain why she has been able to file various letters with this Court but not a pretrial order.

Thus, Plaintiff has not objected. Even if this Court were to conduct a <u>de novo</u> review, however, dismissal would still be appropriate. "A district court has the authority under Fed.R.Civ.P. 41(b) to 'dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute.'" <u>Burrell v. AT&T</u>, 63 F. App'x 588, 589 (2d Cir. 2003) (quoting <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 87 (2d Cir. 1995)). In making this determination, the Court must examine the following factors, keeping in mind that no one factor is dispositive:

> 1) the duration of [the] plaintiff's failures or non-compliance; 2) whether [the] plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) [the court's] interest in managing its docket against [the] plaintiff's interest in

7

receiving an opportunity to be heard; and 5)
.  .  .  the efficacy of a sanction less
draconian than dismissal.

Waters v. Camacho, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) (quoting

Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52,

63 (2d Cir. 2000)).

These factors weigh in favor of dismissal. Judge
Boyle first directed Plaintiff to file a pretrial order on
September 14, 2012. (Docket Entry 75.) Since then, he issued
two more orders directing Plaintiff to file the pretrial order.
(Docket Entries 81, 86.) Plaintiff, however, has failed to
comply for over seven months. See Burrell, 63 F. App'x at 589-
90 (affirming dismissal where plaintiff failed to comply with
court orders for one year); Waters, 288 F.R.D. at 71 (dismissing
case where plaintiff failed to comply with court orders for
three months).

Moreover, in his November 9, 2012 Order, Judge Boyle
warned Plaintiff that her "failure to comply with this Order
will expose the plaintiff's sole remaining cause of action to
sanctions, including preclusion and dismissal." (Docket Entry
86.) Additionally, this case is nearly three years old, and
Plaintiff has significantly contributed to the delays. As the
R&R correctly notes, Plaintiff has repeatedly sought to stay
proceedings. (R&R at 2.) Despite the fact that Plaintiff is an
attorney, and despite the Court's rulings that it will not stay

8

proceedings in order to allow her to find new counsel at this time, she has continually submitted motions on these issues. Given these facts, a lesser sanction would likely have little effect. Finally, "the court needs to calendar congestion and ensure an orderly and expeditious disposition of cases." Peruggi v. Cnty. of Suffolk, No. 09-CV-5605, 2012 WL 2702539, at *2 (E.D.N.Y. July 3, 2012).

Thus, the above factors favor dismissal.

CONCLUSION

The R&R is ADOPTED in its entirety and Plaintiff's case is dismissed. The Clerk of the Court is directed to terminate all pending motions and to mark this matter as CLOSED.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    May   1  , 2013
          Central Islip, NY